## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALINDA KNOWLES, | ) |
| Plaintiff, | ) Case No. 1:22-cv-7353 |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| MOMENTUM ADVANCED PLANNING LLC, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Malinda Knowles ("Plaintiff" or "Ms. Knowles") hereby brings this Complaint against Defendant Momentum Advanced Planning LLC ("Defendant" or "Momentum") seeking damages and other relief, and alleges as follows:

## NATURE OF THE ACTION

1. This action seeks damages in connection with Defendant's breach of a contract between Defendant Momentum and Plaintiff Ms. Knowles. In the alternative, Plaintiff is seeking damages against Defendant for unjust enrichment. Plaintiff is also seeking an accounting.

2. On or about January 12, 2016, Plaintiff entered into a binding Commission/Fee Agreement with Defendant (the "Agreement").

3. The Agreement relates to and was entered into for the purpose of, among other things, defining the scope of work, respective responsibilities, and associated commission percentages to which Plaintiff was entitled for her origination of life insurance, non-life insurance, and other non-insurance related business and services stemming from the clients she generated, Joseph Moinian and Mahnaz (also known as Nazee) Moinian (the "Moinians" or "Clients").

1

4.  Under the Agreement, upon the Clients' purchase of commission-generating insurance policies and other business, Plaintiff was due a portion of the commission earned in connection therewith.

5.  Upon information and belief, such insurance policies and other business were purchased, financed, underwritten and/or otherwise secured on behalf of the Moinians triggering Plaintiff's entitlement to payment under the Agreement.

6.  Upon information and belief, Defendant was paid and retained the value of commissions in connection with such premiums and business stemming from Plaintiff's Clients.

7.  Defendant did not pay Plaintiff the portion of the commissions to which she is entitled in breach of the Agreement.

8.  Plaintiff brings this action to recover damages to which she is entitled as a result of Defendant's breach of the Agreement.

## PARTIES

9.  Plaintiff Malinda Knowles is an individual and resident of West Palm Beach, Florida.

10. Upon information and belief, Defendant Momentum Advanced Planning LLC is an Illinois limited liability company with its principal place of business located at 1600 N. Bethlehem Pike, Suite N200, Lower Gwynedd, Pennsylvania 19002.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties as Plaintiff and Defendant are citizens of different states as set forth above, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over Defendant. Momentum is a citizen of Illinois in that it is a limited liability company organized under the laws of the State of Illinois. Momentum transacted and continues to transact substantial business in this District, and Momentum has the requisite minimum contacts with this District. By conducting continuous and systematic business in this District, Momentum reasonably should expect its conduct to have consequences in this District. Momentum's offices were in this District when it entered into the subject Agreement, and the Agreement designates an address within this District for purposes of giving notices. Further, in Section 4.19 of the Agreement, the parties expressly agreed to "irrevocably submit themselves to the exclusive jurisdiction of the state and federal courts located in Cook County, Illinois, for the purposes of any suit, action, or other proceeding arising out of this Agreement." Additionally, Section 4.7 of the Agreement contains a Choice of Law provision providing that the "Agreement will be governed by and construed in accordance with the laws of the State of Illinois, without regard to any conflict of laws, rule, or principle that might refer the governance or construction of this Agreement to the laws of another jurisdiction."

13. Venue is likewise proper in this District pursuant to 28 U.S.C. § 1391(b) for the same reasons set forth above. Further, in Section 4.19 of the Agreement, Momentum expressly agreed that it "irrevocably and unconditionally waive[s] any objection to the laying of venue of any action, suit, or proceeding arising out of this agreement in the state or federal courts located in Cook County, Illinois, and hereby irrevocably and unconditionally waive and agree not to plead or claim in any such court that any such action, suit, or proceeding brought in such court has been brought in an inconvenient forum."

**FACTUAL BACKGROUND**

14. In or around 2015, Plaintiff Ms. Knowles, then an insurance agent with the Metro New York Agency of the Massachusetts Mutual Life Insurance Company ("MassMutual"), generated a lead for the life insurance and other potential business and policies to be underwritten on behalf of the Clients she originated, the Moinians.

15. Given the scale of potential business, Ms. Knowles' colleague, Robert Eichler ("Mr. Eichler"), was enlisted to assist Ms. Knowles with the Moinians' case. Ms. Knowles and Mr. Eichler introduced the Moinians to Momentum for purposes of engaging Momentum to assist with premium financing related to the Moinians' policies.

16. Based on industry standards, Ms. Knowles' generation of the Moinians' business entitled her to substantial compensation and commissions that would flow from the procurement and underwriting of their anticipated insurance policies and premiums.

17. To define and memorialize Ms. Knowles' entitlement to such commissions, as well as her entitlement to any consulting fees or other fees in connection with any non-insurance-related services, Ms. Knowles and Mr. Eichler entered into the Agreement with Momentum in January 2016.

18. Pursuant to the Agreement, Ms. Knowles and Mr. Eichler are entitled to equally split 50% of all commissions and compensation derived from any and all of the insurance policies and other business/services secured for the Moinians.

19. Section 3 of the Agreement provides that "Commissions from life insurance carriers with respect to this Agreement will be shared between Momentum and [Ms. Knowles and Mr. Eichler] according to the Pricing table above [in Section 2.2]."

20. Section 2.2 of the Agreement provides that 50% of the commissions would go to Momentum, and 50% would go to Ms. Knowles and Mr. Eichler.

21. The Agreement entitles Ms. Knowles to be paid her share of the commissions (including but not limited to all applicable first year commissions and commissions for annual renewals) upon issuance of the policy(ies) by the carrier.

22. Pursuant to Section 2.1 of the Agreement, entitled "Final Audit Administration and Reconciliation," Ms. Knowles and/or her team requested that Momentum provide information confirming the value of the underlying commissions and compensation due under the Agreement. Despite Momentum advising on several occasions that it would provide a spreadsheet with such information, no such information was ever provided.

23. Upon information and belief, since the effective date of the Agreement, several policies and premiums have been generated, procured, and underwritten for the Moinians as a result Ms. Knowles' origination, the value of which exceeds tens of millions of dollars.

24. In direct and continuous breach of the Agreement, Momentum has unlawfully withheld, obscured, and failed to pay Ms. Knowles the commission to which she is entitled, which, upon information and belief at a minimum includes $5,000,000.00 flowing from the Moinians' above-described policies/premiums, exclusive of any additional fees and compensation due from other lines of business or business written with other companies outside of MassMutual.

25. Upon information and belief, Momentum has committed additional breaches of the Agreement, including but not limited to violations of the non-solicitation and consulting fee provisions of Section 3.

26. As a result of Momentum's breach of the Agreement, Ms. Knowles is and continues to be damaged.

27. Ms. Knowles is also entitled to interest, and her attorneys' fees incurred to enforce her rights under the Agreement. Section 4.10 of the Agreement stats: "If any Party breaches this Agreement and a non-breaching Party retains legal counsel to enforce its rights here under, the non-breaching Party shall be entitled to recover against the breaching Party, in addition to any other damages recoverable against any breaching Party, all of its reasonable Legal Expenses incurred in enforcing its rights under this Agreement, whether or not suit is filed, and in obtaining, enforcing and/or defending any judgment related thereto."

28. Prior to filing this lawsuit, Plaintiff, through the undersigned counsel, made multiple written attempts to notify Momentum of this dispute and to demand payment of the amounts due to Ms. Knowles and to request the accounting information to which she is entitled under the Agreement. Specifically, a demand letter was sent via certified mail to Momentum's designated address for giving of notices under the Agreement. A demand letter was also hand delivered to Momentum's Registered Agent, and copies of the demand letter were sent via e-mail to Momentum's Chief Executive Officer, Tomas A. Povedano, on two separate occasions.

29. As of the date of filing this Complaint, Momentum has failed to respond to such pre-suit demand letters or otherwise make any attempts to contact the undersigned counsel, and has continued to wrongfully fail to make payment due to Ms. Knowles in continued breach of its contractual obligations to her.

30. Any/all conditions precedent to bringing this action have occurred or been waived.

## COUNT I
**Breach of Contract**

31. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-30 as if fully set forth herein.

32. In January 2016, Ms. Knowles and Momentum entered into the Agreement, a binding written and duly executed contract, entitling Ms. Knowles and Mr. Eichler to share a 50% split with Momentum of commissions and compensation derived from any and all of the insurance policies and other business/services secured for the Moinians.

33. Ms. Knowles performed under the Agreement, originating and initiating the business relationship between Momentum and the Moinians which culminated in the commission-generating insurance policies.

34. Upon information and belief, as a result of Ms. Knowles origination of the Clients and performance under the Agreement, Momentum was paid commissions in connection with the insurance policies and premiums and other business on behalf of the Moinains.

35. Momentum did not pay Ms. Knowles her share of the commissions to which she was entitled under the Agreement. Momentum further failed to pay Ms. Knowles the additional consulting fees due under Section 3 of the Agreement.

36. Momentum further violated Section 3 of the Agreement which provides "Momentum will not solicit the Client for any non-insurance-related services (*e.g.*, 401(k) Plan, Profit Sharing Plan, Defined Benefit Plan, Captives, Charitable LLC, etc.) without the express written permission of [Ms. Knowles]." Upon information and belief, Momentum did engage in such Client solicitations without notifying Ms. Knowles and without seeking or obtaining her permission.

37. Momentum also violated Section 2.1 of the Agreement by failing to provide the requested audit and administrative information related to the underlying commissions and compensation due under the Agreement.

38. Momentum's failure to pay Ms. Knowles her share of the commissions and consulting fees was and continues to be a breach of the Agreement.

39. As a direct and proximate result of Momentum's above-described breaches of the Agreement, Ms. Knowles has been damaged at a minimum in an amount equal to the amount of the commissions and fees to which she is due, plus attorneys' fees, costs, and interest.

## COUNT II
### Unjust Enrichment

40. Plaintiff repeats and realleges each of the allegations contained in the foregoing paragraphs 1-30 as if fully set forth herein.

41. Plaintiff pleads this claim for unjust enrichment in the alternative to Count I for breach of contract.

42. Through the Client origination efforts of Ms. Knowles, Momentum was introduced to the Moinians.

43. Performance and delivery of Ms. Knowles' client origination services directly benefitted and enriched Momentum.

44. Ms. Knowles was entitled under the parties' Agreement and pursuant to industry standards to receive a portion of the commissions and compensation flowing from her origination of the Moinians' insurance policies and related business.

45. Momentum retained the value of and was unjustly enriched by the compensation and commissions flowing from the Moinians' policies and other related lines of business, which were a direct result of the efforts and services of Ms. Knowles, and a portion of which she is owed.

46. Ms. Knowles was damaged by Momentum's retention of the value of her origination services.

47.     Given the circumstances, it would be inequitable and against good conscience for Momentum to retain the commissions due to Ms. Knowles for her efforts in generating the Moinians' business.

## COUNT III
## For an Accounting

48.     Plaintiff repeats and realleges each of the allegations contained in the foregoing paragraphs 1-30 as if fully set forth herein.

49.     Ms. Knowles and Momentum entered a relationship by which Momentum was entrusted with the commissions rightfully due to Ms. Knowles under the Agreement from the procurement and placement of the Moinians' policies. As a result, Momentum had and has a duty to reveal all dealings with the policies and the resulting commissions. Ms. Knowles does not have access to this information. Upon information and belief, this information is exclusively in Momentum's possession.

50.     Furthermore, under Section 2.1 of the Agreement, Momentum is required to provide information pertaining to "audit administration and reconciliation" in regard to confirming the value of the underlying commissions and compensation due under the Agreement.

51.     Ms. Knowles has duly demanded from Momentum an accounting of all insurance policies procured on the Moinians' behalf and the compensation deriving therefrom.

52.     Momentum has breached its duty to Ms. Knowles by failing and refusing to account for any and all dealings with respect to the Moinians' policies, premiums, other related business under the Agreement and their resulting commissions and consulting fees due and owing.

53.     Accordingly, Ms. Knowles seeks an accounting from Momentum of all insurance policies placed for the Moinians by or in connection with Defendant's facilitation or processed through and/or credited to MassMutual and any other insurance agency or company, including but

9

not limited to the amount of the benefits, the amount of the premiums and the commission and compensation breakdown deriving therefrom. Ms. Knowles further seeks an accounting from Momentum of a breakdown of the total compensation paid out, and to whom, deriving from the Moinians' policies.

54. Ms. Knowles has no adequate remedy at law for this cause of action.

WHEREFORE, Plaintiff respectfully requests this Court:

  A. As to Count I, enter judgment that Momentum breached the Agreement as set forth in Count I;

  B. As to Counts I and II, enter judgment that Momentum has been unjustly enriched by its retention of the benefit and value of Ms. Knowles' origination of the Clients and the commissions flowing from their policies and related business;

  C. As to Counts I and II, award Ms. Knowles damages in the amount of at least $5,000,000.00;

  D. As to Count I, award Ms. Knowles attorneys' fees and other costs associated with her efforts to investigate, identify, and enforce Momentum's breach of the Agreement, as set forth in the Agreement;

  E. award Ms. Knowles all pre- and post-judgment interest provided by law;

  F. order an accounting as set forth herein in Count III; and,

  G. order any other and further relief the Court deems just and proper.

## Demand for a Jury Trial

Plaintiff Malinda Knowles hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: December 30, 2022                      Respectfully submitted,

                                                    By: /s/ Vivek Jayaram
                                                    Vivek Jayaram
                                                    JAYARAM LAW, INC.
                                                    125 S. Clark Street, Suite 1175
                                                    Chicago, IL 60603
                                                    Phone: 312-212-8676
                                                    Email: vivek@jayaramlaw.com

                                                    *Attorney for Plaintiff Malinda Knowles*